UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-61133-BLOOM
(Case No. 16-cr-60095-BLOOM)

JON LEE SABOURIN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on Movant Jon Lee Sabourin's *pro se* Amended Motion Under 28 U.S.C. § 2255, ECF No. [6]. In his Amended Motion, Movant raises constitutional challenges to his sentence imposed in case number 16-cr-60095-BLOOM. *See generally id.* The Court has carefully considered the Amended Motion, the Government's Response, ECF No. [17], the applicable law, and is otherwise fully advised.[1] For the reasons set forth below, the Amended Motion is dismissed as untimely.

I.    BACKGROUND

A grand jury charged Movant in an indictment with one count of distribution of child pornography in violation of 18 U.S.C. § 2256(2) and 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Count 1) and one count of possession of child pornography in violation of 18 U.S.C. § 2256(2) and 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Count 2). *See generally* CR ECF No. [8].[2] Pursuant to a plea

---

[1] Movant's reply was due on or before October 9, 2023. *See* ECF No. [10] at 2. To date, Movant has not filed a reply or requested additional time to file one.

[2] References to docket entries in Movant's criminal case, case number 16-60095-CR-BLOOM, are denoted with "CR ECF No."

agreement, Movant, on June 29, 2016, pleaded guilty to Count 1 of the Indictment in exchange for the dismissal of Count 2. *See* CR ECF No. [19]; CR ECF No. [22] at 1. On October 16, 2016, Movant filed a Notice of Appeal challenging the sentence imposed by the Court. *See generally* CR ECF No. [51]. On August 23, 2017, the Eleventh Circuit Court of Appeals affirmed Movant's sentence. *See generally* CR ECF No. [71]. Movant did not file a petition for writ of *certiorari* with the United States Supreme Court.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255(f), a movant must file his § 2255 motion within a one-year period that runs "from the latest of" the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* When a movant takes an unsuccessful direct appeal from a judgment of conviction, the conviction becomes final when the time for filing a petition for writ of *certiorari* expires. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1337 (11th Cir. 2002) ("[The movant's] conviction did not become final until the 90–day period to seek [*certiorari*] expired[.]'").

## III.   DISCUSSION

### A.   The Amended Motion is Untimely

Here, Movant does not assert that an unconstitutional State-created impediment to filing

his Motion existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence. Accordingly, the Court measures the timeliness of the Amended Motion from the remaining trigger, the date Movant's judgment of conviction became final.

The Eleventh Circuit entered its mandate affirming Movant's sentence on August 23, 2017, *see generally* CR ECF No. [71]; Movant's conviction became final ninety days later on November 22, 2017. *See Clay*, 537 U.S. at 524-25; *see also* Fed. R. Civ. P 6(a)(1) ("When the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Therefore, Movant had until November 23, 2018, to file a timely § 2255 motion. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1986); *see also Ferreira v. Sec'y, Dep't of Corr.,* 494 F.3d 1286, 1289 n. 1 (11th Cir. 2007) (noting that the limitations period should be calculated using "the anniversary date of the triggering event").[3] On June 6, 2023, Movant filed his initial § 2255 Motion—1,657 days after his federal limitations period expired.[4] *See* ECF No. [1] at 6. The

---

[3] The deadline for filing a timely § 2255 motion would have been on November 22, 2018, but for the fact that Thanksgiving fell on that date. *See Federal Holidays: Historical Data (2022-2011)*, United States Office of Personnel Management, (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Historical-Data) (last visited Oct. 24, 2023). Accordingly, the deadline for filing a timely § 2255 motion in this case was November 23, 2018—the day after the "legal holiday[.]" Fed. R. Civ. P 6(a)(1); *see also Akin v. TMC Maint. Co., LLC*, No. 19-cv-5421, 2020 WL 10353406, at *3 (N.D. Ga. Feb. 25, 2020) ("[B]ecause the ninetieth day after August 30 was November 28, 2019—the Thanksgiving holiday—the applicable rules on the computation of filing deadlines pushed the 90-day deadline to November 29." (footnote call number omitted)), *report and recommendation adopted*, No. 19-cv-05421, 2020 WL 10353403 (N.D. Ga. Mar. 31, 2020).

[4] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted); *see also United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it.") (citation omitted)).

Motion—and its amendment—are, therefore, untimely.

### B.     Equitable Tolling

"If a defendant files a petition for a federal writ of habeas corpus beyond the one-year limitation period, the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) ("§ 2255's period of limitations may be equitably tolled").[5] A § 2255 movant is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks and citation omitted). "The diligence required for equitable tolling purposes is reasonable diligence," and under the extraordinary-circumstance prong, a movant must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin*, 633 F.3d at 1267 (quotation marks and citations omitted).

Reading the Amended Motion generously, Movant argues that he is entitled to equitable tolling because he has no legal training and, therefore, required assistance from a "jailhouse lawyer" in drafting a § 2255 motion. ECF No. [6] at 11. Movant's argument fails to convince.

Assuming for the sake of argument that Movant had been diligently pursuing his rights, his equitable tolling argument still fails because his lack of legal training and *pro se* status do not constitute "extraordinary circumstances" supporting equitable tolling. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy

---

[5] Movant does not mention the actual innocence exception to the bar on untimely habeas motions, nor does his Amended Motion suggest that he intended to raise this exception. *See generally McQuiggin v. Perkins*, 569 U.S. 383 (2013) (discussing actual-innocence exception).

calls for promptness."); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions[.]" (citation omitted)). Therefore, Movant fails to establish that he is entitled to the "extraordinary remedy" of equitable tolling; thus, the Amened Motion is properly dismissed as time-barred. *Cadet v. Fla., Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) (subsequent history omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (stating that "a litigant seeking equitable tolling bears the burden of establishing" his entitlement).

    **C.**    **Certificate of Appealability**

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the Court denies claims on procedural grounds, a certificate of appealability should issue if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Jurists of reason" would not find the Court's procedural ruling "debatable." *Id*. Consequently, a certificate of appealability is denied.

**IV. CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Movant Jon Lee Sabourin's Amended Motion Under 28 U.S.C. § 2255, **ECF No. [6]**, is **DISMISSED** without prejudice as it is time-barred.

2. A certificate of appealability is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith; thus, Movant is not entitled to appeal *in forma pauperis*.

Case No. 23-cv-61133-BLOOM

3. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 24, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jon Lee Sabourin, *PRO SE*
13138-104
Milan
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1000
Milan, Michigan 48160